**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**DWAYNE A. HEAVENER, JR.,**

        Plaintiff,

**v.**                                   **CIVIL ACTION NO. 3:12-CV-68
(JUDGE GROH)**

**QUICKEN LOANS, INC.;
ADVANCED MORTGAGE SERVICES, INC.;
and ORTH APPRAISALS, LLC,**

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT**

Currently pending before this Court is the Plaintiff's Motion for Leave to File Amended Complaint [Doc. 37] filed on January 8, 2013.  On January 11, 2013, Defendant Quicken Loans Inc. filed its "Opposition to Plaintiff's Motion for Leave to File Amended Complaint."  Plaintiff did not file a reply.  This Court has reviewed the record and the motion and, for the reasons set out below, finds that Plaintiff's Motion for Leave to File Amended Complaint should be **GRANTED.**

**BACKGROUND**

**I.**    **Factual Allegations**

This case involves a loan that was made in excess of the market value of Plaintiff's property.  In Plaintiff's proposed Amended Complaint, he alleges that on or about June 2004, the Plaintiff, Dwayne A. Heavener, Jr., purchased real property located at HC 87 23-4, Yellow Spring, Hampshire County, West Virginia, 26865.  In or

around August 2005, Plaintiff obtained a mortgage loan from Bank of America in the amount of $154,400.  Then, in 2007, Plaintiff alleges he was solicited by Defendant Quicken Loans regarding a possible refinance of his existing mortgage loan with Bank of America.  Plaintiff alleges that he had numerous telephone conversations with an individual named Adam, who he believed was a representative of Quicken Loans.  In those conversations, Adam reviewed the terms of the proposed loan.  Defendant Quicken Loans offered for Plaintiff to participate in the Smart 30 program whereby he would pay interest only for the first five years, and then the loan would automatically roll over into a thirty year fixed rate not to exceed the rate of 5.75%.  Plaintiff's loan closing was conducted at his home by an agent of Quicken Loans.  Plaintiff states he was given little time to review the loan documents prior to signing them.

Then, Defendant Advanced Mortgage, a mortgage broker, arranged for Defendant Orth Appraisals, LLC ("Orth Appraisals") to conduct an appraisal of the Plaintiff's property.  Orth Appraisals conducted an appraisal of Plaintiff's property.  Plaintiff alleges that the actual market value of Plaintiff's property at the time of appraisal was substantially less than the appraised value given by Orth Appraisals.  The alleged fraudulent appraisal ultimately resulted in Plaintiff receiving a loan in excess of the value of his home and a transferal of additional unsecured debt into home secured debt.

The Plaintiff's original Complaint and proposed Amended Complaint has seven counts.  The first count alleges a breach of fiduciary duty against the Defendant broker, Advanced Mortgage.  The second count alleges unlawful predatory lending against Defendant Quicken Loans.  The third count alleges the unauthorized practice of law by

2

Defendant Quicken Loans.  The fourth count alleges fraud and conspiracy against all of the Defendants.  The fifth count alleges dishonesty, misrepresentation, and breach of professional standards against Defendant Orth Appraisals.  The sixth count alleges that Defendant Orth Appraisals accepted a fee contingent on a predetermined conclusion. Last, the seventh count alleges that the Defendants acted in a joint venture, conspiracy, and agency relationship.

## II.    Procedural History

On June 25, 2012, Plaintiff filed, by counsel, his Complaint in the Circuit Court of Hampshire County, West Virginia, against Defendants Quicken Loans, Indymac/OneWest, Advanced Mortgage, and Orth Appraisals [Doc. 1-2].  The Defendants OneWest and Orth Appraisals were served with the Plaintiff's State Court Civil Action on or about June 29, 2012.  The Plaintiff served the Summons and Complaint on the West Virginia Secretary of State as Quicken Loans' statutory attorney-in-fact on June 29, 2012.  Quicken Loans' agent, CT Corporation, then received the Summons and Complaint on July 5, 2012, via certified mail.  The Plaintiff served the Summons and Complaint on the West Virginia Secretary of State as Advanced Mortgage's statutory attorney-in-fact on June 29, 2012.  Advanced Mortgage then received the Summons and Complaint on July 6, 2012, via certified mail.

On July 27, 2012, Defendant Quicken Loans, with the consent of Defendants OneWest and Orth Appraisals, removed the civil action to the Northern District of West Virginia pursuant to this Court's diversity jurisdiction [Doc. 1].  On August 16, 2012, OneWest filed its Motion to Dismiss Plaintiff's Complaint, and the Court granted OneWest's motion on November 7, 2012.

3

On January 8, 2013, Plaintiff filed his "Motion for Leave to File Amended Complaint."  On January 11, 2013, Defendant Quicken Loans filed its "Opposition to Plaintiff's Motion for Leave to File Amended Complaint."  Plaintiff did not file a reply. Because the deadline for filing a reply has passed and this Court has not received a reply, the motion is ripe for this Court's review. *See* **N.D.W. Va. R. 7.02(b)(2)** ("[e]xcept for replies to responses to motions for summary judgment, replies shall be filed and served within seven (7) days from the date of service of the response to the motion.").

## DISCUSSION

**I**.    **Applicable Standard**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." **FED. R. CIV. P. 15(a)(1)(B**).  However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." **FED. R. CIV. P. 15(a)(2)**.

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." **FED. R. CIV. P. 15(a)**; *see also **Foman v. Davis**, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962) (Supreme Court declaring that "this mandate is to be heeded"). The law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be

futile." ***Johnson v. Oroweat Foods Co.***, 785 F.2d 503, 509 (4th Cir.1986). Delay alone

is an insufficient reason to deny leave to amend. *See id.* Rather, the delay must be

accompanied by prejudice, bad faith, or futility. *See **Edwards v. City of Goldsboro***,

178 F.3d 231, 242 (4th Cir. 1999).  The Fourth Circuit has stated that

> [w]hether an amendment is prejudicial will often be determined by the
> nature of the amendment and its timing.  A common example of a
> prejudicial amendment is one that "raises a new legal theory that would
> require the gathering and analysis of facts not already considered by the
> [defendant, and] is offered shortly before or during trial." (citing *Johnson v.
> Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (internal citations
> omitted).  An amendment is not prejudicial, by contrast, if it merely adds
> an additional theory of recovery to the facts already pled and is offered
> before any discovery has occurred.

***Davis v. Piper Aircraft Corp.***, 615 F.2d 606, 613 (4th Cir. 1980).

## II.    Analysis

In this case, Plaintiff did not amend his Complaint within the twenty-one day

period provided under Rule 15(a)(1)(B).  Thus, Plaintiff must have leave of court to

amend his Complaint.  Plaintiff does not seek to amend his complaint to add additional

parties or new claims.  Rather, Plaintiff argues that his "purpose for amending the

Complaint is to include additional factual background material he obtained as a result of

locating his Quicken loan file . . . not . . . to amend the Complaint to add any additional

parties, Counts or causes of action because the same were accurately and property set

forth in his original Complaint."

Defendant Quicken Loans opposes Plaintiff's motion to amend for three reasons:

(1) Plaintiff's dilatory motive in ignoring the Complaint's deficiency has caused undue

delay; (2) Plaintiff's conduct is solely to blame for the undue delay; and (3) Defendant

has experienced and will continue to experience unfair prejudice and requests costs in filing and briefing the summary judgment motion.  Defendant Quicken Loans also argues that, if the Court would grant Plaintiff's motion for leave to amend, he should not be allowed to add new claims against it.

The Court finds no undue delay, bad faith, or dilatory motive on the part of the Plaintiff in filing his motion for leave to amend.  This is Plaintiff's first request to amend his Complaint, and there has not been a repeated failure to cure deficiencies in his Complaint.  The motion was filed on January 8, 2013, and it was timely, as the scheduling order in this case allowed for amended pleadings to be filed until January 25, 2013.

Additionally, Defendants will not be prejudiced by the amendments as Plaintiff has only added more facts to support his claim–he has not alleged new claims or added new parties.  Defendant Quicken Loans argues that Plaintiff's Count I, Breach of Fiduciary Duty, asserted against "Defendant broker" should not be misread to be asserted against Quicken Loans instead of Defendant Advanced Mortgage.  In this Court's previous order granting OneWest's Motion to Dismiss, the Court noted that "[t]he first count [of Plaintiff's original Complaint] alleges a breach of fiduciary duty against the Defendant broker, Advanced Mortgage." [Doc. 29].  Indeed, the Original Complaint and Amended Complaint identify Defendant Advanced Mortgage Service, Inc. as a "mortgage broker."  None of the other Defendants are identified as a "mortgage broker."  In both the Original complaint and Amended Complaint, Count I for Breach of Fiduciary Duty is asserted against "[t]he Defendant broker."  Thus, the Plaintiff has not alleged a new claim, and the Defendants are not prejudiced by the

amendments.

Therefore, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's "Motion for Leave to File Amended Complaint" [Doc. 37] is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** March 26, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE