IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DWAYNE A. HEAVENER, JR.,**

    Plaintiff,

v.                                             **CIVIL ACTION NO. 3:12-CV-68**
                                                  **(JUDGE GROH)**

**QUICKEN LOANS, INC.;**
**ADVANCED MORTGAGE SERVICES, INC.;**
**and ORTH APPRAISALS, LLC,**

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING AS MOOT WITHOUT PREJUDICE DEFENDANT QUICKEN LOANS' MOTION FOR SUMMARY JUDGMENT**

### I. Introduction

This matter is currently before the Court on Defendant Quicken Loans, Inc's ("Quicken Loans") Motion for Summary Judgment [Doc. 34], filed on December 14, 2012. Defendant moves for summary judgment on each claim asserted by Plaintiff Dwayne A. Heavener, Jr. against Quicken Loans– *i.e.*, Counts II, III, IV, and VII. On January 4, 2013, Plaintiff filed his response to Defendant Quicken Loans' Motion for Summary Judgment. On January 11, 2013, Defendant Quicken Loans filed its Reply. Therefore, Defendant Quicken Loans' motion is ripe for this Court's review. For the following reasons, this Court **DENIES AS MOOT WITHOUT PREJUDICE** Defendant Quicken Loans' Motion for Summary Judgment [Doc. 34].

1

## II.  Factual Background

This case involves a loan that was allegedly made in excess of the market value of Plaintiff's property.  In Plaintiff's Amended Complaint, he alleges that on or about June 2004, the Plaintiff, Dwayne A. Heavener, Jr., purchased real property located at HC 87 23-4, Yellow Spring, Hampshire County, West Virginia, 26865.  In or around August 2005, Plaintiff obtained a mortgage loan from Bank of America in the amount of $154,400.  Then, in 2007, Plaintiff alleges he was solicited by Defendant Quicken Loans regarding a possible refinance of his existing mortgage loan with Bank of America.  Plaintiff alleges that he had numerous telephone conversations with an individual named Adam, who he believed was a representative of Quicken Loans.  In those conversations, Adam reviewed the terms of the proposed loan.  Defendant Quicken Loans offered for Plaintiff to participate in the Smart 30 program whereby he would pay interest only for the first five years, and then the loan would automatically roll over into a thirty year fixed rate not to exceed the rate of 5.75%.  Plaintiff's loan closing was conducted at his home by an agent of Quicken Loans.  Plaintiff states he was given little time to review the loan documents prior to signing them.

Then, Defendant Advanced Mortgage, a mortgage broker, arranged for Defendant Orth Appraisals, LLC ("Orth Appraisals") to conduct an appraisal of the Plaintiff's property.  Orth Appraisals conducted an appraisal of Plaintiff's property. Plaintiff alleges that the actual market value of Plaintiff's property at the time of appraisal was substantially less than the appraised value given by Orth Appraisals.  The alleged fraudulent appraisal ultimately resulted in Plaintiff receiving a loan in excess of the value of his home and a transferal of additional unsecured debt into home secured

debt.

The Plaintiff's Amended Complaint has seven counts. The first count alleges a breach of fiduciary duty against the Defendant broker, Advanced Mortgage. The second count alleges unlawful predatory lending against Defendant Quicken Loans. The third count alleges the unauthorized practice of law by Defendant Quicken Loans. The fourth count alleges fraud and conspiracy against all of the Defendants. The fifth count alleges dishonesty, misrepresentation, and breach of professional standards against Defendant Orth Appraisals. The sixth count alleges that Defendant Orth Appraisals accepted a fee contingent on a predetermined conclusion. Last, the seventh count alleges that the Defendants acted in a joint venture, conspiracy, and agency relationship.

### III. Procedural Background

On June 25, 2012, Plaintiff filed, by counsel, his Complaint in the Circuit Court of Hampshire County, West Virginia, against Defendants Quicken Loans, Indymac/OneWest, Advanced Mortgage, and Orth Appraisals [Doc. 1-2]. On July 27, 2012, Defendant Quicken Loans, with the consent of Defendants OneWest and Orth Appraisals, removed the civil action to the Northern District of West Virginia pursuant to this Court's diversity jurisdiction [Doc. 1]. On August 16, 2012, OneWest filed its Motion to Dismiss Plaintiff's Complaint, and the Court granted OneWest's motion on November 7, 2012.

On January 8, 2013, Plaintiff filed his Motion for Leave to File Amended Complaint. On January 11, 2013, Defendant Quicken Loans filed its "Opposition to Plaintiff's Motion for Leave to File Amended Complaint." Plaintiff did not file a reply. On March 26, 2013, the Court granted Plaintiff's Motion for Leave to File Amended Complaint. Upon direction

from the Court, the Clerk re-filed Plaintiff's Amended Complaint.

### IV. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. *See* **FED. R. CIV. P. 56.** Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." ***Anderson***, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. **FED. R. CIV. P. 56(c)**; ***Celotex Corp.***, 477 U.S. at 323-25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." ***Anderson***, 477 U.S. at 249 (citations omitted).

## V. Discussion

As the Court previously noted, Defendant Quicken Loans filed this Motion for Summary Judgment on December 14, 2012. Subsequently, Plaintiff filed a motion to amend his Complaint. The Court granted Plaintiff's motion to file an Amended Complaint, and the Amended Complaint has now been filed with this Court.

It is well established that "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." **WRIGHT & MILLER, FED. PRAC. & PROC. CIV., § 1476** (3d ed.). The Fourth Circuit has reaffirmed this principle by stating that "[a]s a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" ***Young v. City of Mount Ranier***, 238 F.3d 567, 572 (4th Cir. 2001) (quoting ***Crysen/Montenay Energy Co. v. Shell Oil Co.*** (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000)); *see also* ***Colin v. Macaroni Commerce Sys. Employees' Retirement Plan***, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motion for summary judgment as to one count of first amended complaint rendered moot by filing of plaintiff's second amended complaint); ***Turner v. Knight***, 192 F. Supp. 21 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

In this case, Plaintiff's Amended Complaint supersedes the original Complaint and renders it of no legal effect. Defendant Quicken Loans' Motion for Summary Judgment is entirely based on the allegations of fact contained in the original Complaint, mainly that it did not close on a loan with Plaintiff in 2005. Defendant asserted that it

had no involvement in the 2005 loan described in Plaintiff's Complaint as the lender was Bank of America, N.A., and Plaintiff admitted that fact in his interrogatory responses. However, Plaintiff's Amended Complaint now alleges that in 2007 he was solicited by Defendant Quicken Loans regarding a possible refinance of his existing mortgage loan with Bank of America and that he did in fact close on a loan with Quicken Loans. Accordingly, this Court **DENIES AS MOOT WITHOUT PREJUDICE** Defendant Quicken Loans' Motion for Summary Judgment [Doc. 34].

### VI. Conclusion

For the foregoing reasons, this Court hereby **DENIES AS MOOT WITHOUT PREJUDICE** Defendant Quicken Loans' Motion for Summary Judgment [Doc. 34].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties herein.

**DATED**: April 8, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE