IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DWAYNE A. HEAVENER, JR.,**

    Plaintiff,

v.                                                            **CIVIL ACTION NO. 3:12-CV-68**
                                                                **(JUDGE GROH)**

**QUICKEN LOANS, INC.;**
**ADVANCED MORTGAGE SERVICES, INC.;**
**and ORTH APPRAISALS, LLC,**

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT QUICKEN LOANS INC.'S MOTION TO DISMISS ALL CLAIMS**

**I.  Introduction**

This matter is currently before the Court on Defendant Quicken Loans, Inc's ("Quicken Loans") "Motion To Dismiss All Claims Against Defendant Quicken Loans" [Doc. 56], filed on April 11, 2013. Defendant moves to dismiss all four claims alleged against it. On April 26, 2013, Plaintiff filed his response to Defendant Quicken Loans' Motion for Summary Judgment. On May 3, 2013, Defendant Quicken Loans filed its Reply. Therefore, Defendant Quicken Loans' motion is ripe for this Court's review. For the following reasons, this Court **GRANTS IN PART AND DENIES IN PART** Defendant Quicken Loans' Motion to Dismiss All Claims.

**II.  Factual Allegations**

This case involves a loan that was allegedly made in excess of the market value

1

of Plaintiff's property. In Plaintiff's Amended Complaint, he alleges that on or about June 2004, Plaintiff, Dwayne A. Heavener, Jr., purchased real property located at HC 87 23-4, Yellow Spring, Hampshire County, West Virginia, 26865. In or around August 2005, Plaintiff obtained a mortgage loan from Bank of America in the amount of $154,400.

Then, in 2007, Plaintiff alleges he was solicited by Defendant Quicken Loans regarding a possible refinance of his existing mortgage loan with Bank of America. Plaintiff alleges that he had numerous telephone conversations with an individual named Adam, who he believed was a representative of Quicken Loans. In those conversations, Adam reviewed the terms of the proposed loan. Defendant Quicken Loans offered for Plaintiff to participate in the Smart 30 program whereby he would pay interest only for the first five years, and then the loan would automatically roll over into a thirty year fixed rate not to exceed the rate of 5.75%. Plaintiff's loan closing was conducted at his home by an agent of Quicken Loans. Plaintiff states he was given little time to review the loan documents prior to signing them. He ultimately received a loan that allowed him to pay interest only for ten years. The loan also included finance charges in the principal.

Then, Defendant Advanced Mortgage, a mortgage broker, arranged for Defendant Orth Appraisals, LLC ("Orth Appraisals") to conduct an appraisal of Plaintiff's property. Orth Appraisals conducted an appraisal of Plaintiff's property. The appraisal indicated that the market value of the property Plaintiff had purchased in 2004 was approximately $193,000. Plaintiff alleges that the actual market value of Plaintiff's property at the time of appraisal was substantially less than the appraised value given

2

by Orth Appraisals. The alleged fraudulent appraisal ultimately resulted in Plaintiff receiving a loan in excess of the value of his home and a transferal of additional unsecured debt into home secured debt.

Plaintiff's Amended Complaint has seven counts. The first count alleges a breach of fiduciary duty against Defendant broker, Advanced Mortgage. The second count alleges unlawful predatory lending against Defendant Quicken Loans. The third count alleges the unauthorized practice of law by Defendant Quicken Loans. The fourth count alleges fraud and conspiracy against all of the defendants. The fifth count alleges dishonesty, misrepresentation, and breach of professional standards against Defendant Orth Appraisals. The sixth count alleges that Defendant Orth Appraisals accepted a fee contingent on a predetermined conclusion. Last, the seventh count alleges that defendants acted in a joint venture, conspiracy, and agency relationship.

### III. Procedural Background

On June 25, 2012, Plaintiff filed, by counsel, his Complaint in the Circuit Court of Hampshire County, West Virginia, against Defendants Quicken Loans, Indymac/OneWest, Advanced Mortgage, and Orth Appraisals [Doc. 1-2]. On July 27, 2012, Defendant Quicken Loans, with the consent of all defendants, removed the civil action to the Northern District of West Virginia pursuant to this Court's diversity jurisdiction [Doc. 1]. On August 16, 2012, OneWest filed its Motion to Dismiss Plaintiff's Complaint, and the Court granted OneWest's motion on November 7, 2012.

On January 8, 2013, Plaintiff filed his Motion for Leave to File Amended Complaint. On January 11, 2013, Defendant Quicken Loans filed its "Opposition to Plaintiff's Motion for Leave to File Amended Complaint." Plaintiff did not file a reply. On March 26, 2013,

the Court granted Plaintiff's Motion for Leave to File Amended Complaint. Upon direction from the Court, the Clerk re-filed Plaintiff's Amended Complaint.

On April 11, 2013, Defendant Quicken Loans filed its "Motion To Dismiss All Claims Against Defendant Quicken Loans." On April 26, 2013, Plaintiff filed his response. On May 3, 2013, Defendant Quicken Loans filed its reply.

### IV. Legal Standard

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro,** 178 F.3d 231, 243-44 (4th Cir. 1999). But, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (emphasis added). "A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" **In re Mills**, 287 Fed. Appx. 273, 280 (4th Cir. 2008) (quoting **FED. R. CIV. P. 8(a)(2)**). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotations and citations omitted). However, "[t]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." **Ashcroft v. Iqbal**, 556 U.S. 662, 129

4

S. Ct. 1937, 1949 (2009).

When rendering its decision, the Court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Federal Rule of Evidence 201. **Philips v. Pitt Cnty. Mem'l Hosp.**, 572 F.3d 176, 180 (4th Cir. 2009) (citing **Blankenship v. Manchin**, 471 F.3d 523, 526 n. 1 (4th Cir. 2006)); *see also* **Katyle v. Penn Nat'l Gaming, Inc**., 637 F.3d 462, 466 (4th Cir. 2011).

## V. Discussion

Plaintiff's Amended Complaint asserts four causes of action against Defendant Quicken Loans including predatory lending, the unauthorized practice of law, fraud, and joint venture. Each claim is analyzed below.

### A. Count II: Predatory Lending

Plaintiff contends Defendant Quicken Loans engaged in a pattern of home equity predatory lending practices to make unfair loans in order to transfer the home equity from borrowers to the lender. Plaintiff alleges that Defendant Quicken Loans' conduct violated West Virginia Code § 46A-2-121, which prohibits unconscionable contracts. Defendant Quicken Loans argues that Plaintiff failed to allege any facts regarding the procedural and substantive unconscionability of the contract.

West Virginia Code § 46A-2-121 states, in pertinent part:

With respect to a transaction which is or gives rise to a consumer credit sale, consumer lease or consumer loan, if the court as a matter of law finds:

(a) The agreement or transaction to have been unconscionable at the time it is

made, or to have been induced by unconscionable conduct, the court may refuse to enforce the agreement, or

(b) Any term or part of the agreement or transaction to have been unconscionable at the time it was made, the court may refuse to enforce the agreement, or may enforce the remainder of the agreement without the unconscionable term or part, or may so limit the application of any unconscionable term or part as to avoid any unconscionable result.

**W. VA. CODE § 46A-2-121(1)(a-b)**. However, "a charge or practice expressly permitted by this chapter is not unconscionable." **W. VA. CODE § 46A-2-121(3)**.

The Act does not define the term "unconscionable." The West Virginia Supreme Court of Appeals "has relied on the definition provided in the Uniform Consumer Credit Code ("Consumer Credit Code"), the unconscionability provisions of which are identical to West Virginia Code § 46A-2-121(2)(a) and (b)." **Quicken Loans, Inc. v. Brown**, 737 S.E.2d 640, 656-67 (W. Va. 2012) (citations omitted). In relying on the drafters of the Consumer Credit Code's comments, the West Virginia Supreme Court of Appeals stated that "[t]he basic test is whether, in the light of the background and setting of the market, the needs of the particular trade or case, and the condition of the particular parties to the conduct or contract, the conduct involved is, or the contract or clauses involved are so one sided as to be unconscionable under the circumstances existing at the time the conduct occurs or is threatened or at the time of the making of the contract." **Quicken Loans, Inc.**, 737 S.E.2d at 657 (citing **Arnold v. United Cos. Lending Corp.**, 511 S.E.2d 854, 860 (W. Va. 1998), *overruled, in part, on other grounds*, **Dan Ryan Builders, Inc. v. Nelson**, 737 S.E.2d 550 (2012)). A contract is not unconscionable "merely because the parties to it are unequal in bargaining position, nor even because the inequality results in allocation of risks to the weaker party. But

6

gross inadequacy in bargaining power, together with terms unreasonably favorable to the stronger party, may confirm indications that the transaction involved elements of deception or compulsion or may show that the weaker party had no meaningful, no real alternative, or did not in fact assent or appear to asset to the unfair terms." *Id.* Thus, in examining whether a contract or its terms are unconscionable, a court "must focus on the relative positions of the parties, the adequacy of the bargaining position, the meaningful alternatives available to the plaintiff, and the existence of unfair terms in the contract." ***Quicken Loans, Inc.***, 737 S.E.2d at 657 (citations omitted).

Also, a party claiming a contract is unconscionable must demonstrate both procedural and substantive unconscionability. ***Nelson***, 737 S.E.2d at 558 (citations omitted). In establishing procedural unconscionability, courts look at "inequities, improprieties, or unfairness in the bargaining process and the formation of the contract, inadequacies that suggest a lack of a real and voluntary meeting of the minds of the parties." ***Nelson***, 737 S.E.2d at 558. In assessing the substantive unconscionability, a court may look to the "unfairness in the terms of the contract itself, and arises when a contract term is so one-sided that it has an overly harsh effect on the disadvantaged party." *Id.* Finally, "[u]nconscionability claims should but rarely be determined based on the pleadings alone with no opportunity for the parties to present relevant evidence of the circumstances surrounding the consummation of the contractual relationship." ***Mallory v. Mortg. Am., Inc.***, 67 F. Supp. 2d 601, 612 (S.D.W. Va. 1999) (citation omitted); **W. Va. Code § 46A-2-121(2)** (providing "[i]f it is claimed or appears to the court that the agreement or transaction or any term or part thereof may be

7

unconscionable, the parties shall be afforded a reasonable opportunity to present evidence as to its setting, purpose and effect to aid the court in making the determination").

Plaintiff alleges that Defendant Quicken Loans engaged in predatory lending as a national lender that solicited an unsophisticated consumer to enter into an unwise home loan. Compl., p. 1. Plaintiff states that an appraisal of his property was conducted by defendants, and the actual market value of his property at the time of the appraisal was substantially less than the appraised value. Compl., ¶¶ 12, 13. Plaintiff contends that this fraudulent appraisal resulted in Plaintiff's loan in excess of the value of his home and a transferal of additional unsecured debt into home secured debt. Compl., ¶ 14. Plaintiff alleges that the loan closing was conducted at his home by an agent of Defendant Quicken Loans. Compl., ¶ 9. He alleges that the loan was conducted in a hurried manner, and he was given little time to review the loan documents prior to signing them. *Id.* Thus, Plaintiff relied on the mortgage broker's previous representations regarding the terms of his loan. *Id.* Later, Plaintiff discovered that his loan did not contain the terms that were previously represented to him. Compl., ¶ 10.

Taking the allegations in the light most favorable to Plaintiff for purposes of a motion to dismiss, the Court finds that Plaintiff has stated a plausible claim of unconscionability. In this case in examining procedural unconscionability, Plaintiff alleged he is an unsophisticated consumer and Defendant Quicken Loans is a large national lender. *See* **Petty v. Countrywide Home Loans, Inc.**, Civil Action No. 3:12-6677, 2013 WL 1837932, *5 (S.D.W. Va. May 1, 2013); **Arnold**, 511 S.E.2d at 861

(national corporate lender and unsophisticated, uneducated consumers is a "great disparity in bargaining power"). These factual allegations raise a plausible issue regarding inequities in the bargaining process. Additionally, Plaintiff alleges that an agent of Defendant Quicken Loans conducted the loan closing in a hurried manner and gave Plaintiff little time to review the loan documents prior to signing them. *See* **Koontz v. Wells Fargo, N.A.**, Civil Action No. 2:10-CV-864, 2011 WL 1297519, *5 (S.D.W. Va. Mar. 31, 2011) ("allegations that the closing was 'rushed and hurried' so that Plaintiff went 'without a sufficient explanation of the loan documents and loan terms' ring of compulsion, another indicator of unconscionable conduct").

In analyzing substantive unconscionability, Plaintiff alleges that defendants significantly inflated the value of his house over its actual market value to induce him into signing the loan. *See* **Petty**, 2013 WL 1837932, *5 (finding substantive unconscionability when Plaintiff alleged Defendant "significantly inflated the value of their house over its actual market value to induce them into agreeing to a larger loan"). Plaintiff also contends that Defendant Quicken Loans misrepresented the type of loan he received. Plaintiff states he thought he was receiving the Smart 30 loan where he paid interest only for five years but he actually received a loan where he paid interest only for a period of ten years. *See* **Koontz**, 2011 WL 1297519, *5 (finding that Plaintiff sufficiently alleged elements of deception when Defendant "induced her to sign the agreement by misrepresenting the nature of the contract's adjustable interest rate"). In viewing the totality of Plaintiff's allegations as true for purposes of a motion to dismiss, the Court finds Plaintiff has sufficiently alleged both procedural and substantive

unconscionable inducement. Accordingly, the Court **DENIES** Defendant Quicken Loans' motion to dismiss Count II.

### B.     Count III: Unauthorized Practice of Law

Plaintiff alleges that Defendant Quicken Loans engaged in the unauthorized practice of law when it prepared Plaintiff Heavener's loan documents.

Defendant Quicken Loans argues that this claim is time barred by West Virginia Code § 55-2-12. Plaintiff did not respond to this argument in his response.

West Virginia Code § 55-2-12 provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

Therefore, a claim seeking damages for the unauthorized practice of law is governed by a two-year statute of limitations. Also, the principle that "equity follows the law" creates a presumption that a defendant would be prejudiced by a plaintiff's failure to bring an equitable claim within the statute of limitations period applicable to an analogous action at law. *See* **Consolidation Coal Co. v. Consolidation Coal Co., Inc.**, 228 F. Supp. 2d 764, 768-69 (N.D.W. Va. 2001) ("Under equitable principles the statute of limitations applicable to analogous actions at law is used to create a 'presumption of laches.' This principle 'presumes' that an action is barred if not brought within the period of the statute of limitations and is alive if brought within the period.") (quoting **Tandy Corp. v. Malone & Hyde, Inc.**, 769 F. 2d 362, 365 (6th Cir. 1985)). Plaintiff waited almost five

years after he executed the loan documents at issue before filing this action. This Court presumes that Defendant Quicken Loans would be prejudiced by allowing Plaintiff to seek equitable relief on a claim for the unauthorized practice of law. Therefore, Plaintiff has failed to state a possible claim against Defendant Quicken Loans for the unauthorized practice of law as it is time-barred. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Count III.

### C. Count IV: Fraud and Conspiracy

Plaintiff alleges that the defendants intentionally obtained a fraudulent appraisal indicating that the market value of the Plaintiff's property was approximately $193,000, when the market value was far less, in order to induce him into signing a loan. Defendant Quicken Loans argues that Plaintiff's Complaint falls well short of stating the who, what, when, how, or why required to alleged fraud. Defendant Quicken Loans states that Plaintiff's Complaint fails for three reasons: (1) it fails to inform each defendant of his participation in the fraud; (2) it fails to allege fraud with particularity with respect to when it allegedly took place; and (3) it fails to describe the time, place and contents of the false representations as well as the identity of the person making the misrepresentation.

Under Rule 9(b) of the Federal Rules of Civil Procedure, when a party alleges fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." **FED. R. CIV. P. 9(b)**. The Fourth Circuit Court of Appeals has stated that "the 'circumstances' required to be pled with particularity under Rule 9(b)

11

are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" ***Harrison v. Westinghouse Savannah River Co.***, 176 F.3d 776, 785 (4th Cir. 1999) (citing **5 WRIGHT & MILLER, FED. PRAC. & PROC. CIV., § 1297**, at 590 (2d ed. 1990)). Where multiple defendants are asked to respond to allegations of fraud, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." ***Bluestone Coal Corp. v. CNX Land Res., Inc.***, Civil Action No. 1:07-00549, 2007 WL 6641647 (S.D.W. Va. Nov. 16, 2007) (citing ***DiVittorio v. Equidyne Extractive Indus., Inc.***, 822 F.3d 1242, 1247 (2d Cir. 1987)); *see also* ***Juntti v. Prudential-Bache Sec., Inc.***, 993 F.2d 228 (4th Cir. 1993) (affirming district court's dismissal of complaint because complaint referenced "defendants" generally, not to action of specific defendants regarding the alleged fraud and thus failed to meet the pleading requirement). A district court "should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." ***Harrison***, 176 F.3d at 784.

When a plaintiff seeks to establish a claim of fraud under West Virginia law, the plaintiff must prove (1) the alleged fraudulent act is that of the defendant, (2) the act was material, false, and the plaintiff justifiably relied upon it, and (3) the plaintiff suffered injury as a result of the act. ***Ashworth v. Albers Med., Inc.,*** 410 F. Supp. 2d 471, 477 (S.D.W. Va. 2005) (citing ***Lengyel v. Lint***, 280 S.E.2d 66, 67 (W. Va. 1981)).

In this case, Plaintiff alleges that the defendants obtained an appraisal indicating

that the market value of the Plaintiff's property was approximately $193,000. Compl, ¶ 34. Multiple defendants are involved in this case, and Plaintiff fails to specify the defendants role in the alleged fraudulent appraisal. Plaintiff does not say which Defendant ordered a fraudulent appraisal, and the allegations are insufficient to provide a defendant with fair notice of the claim.[1] See **Harrison**, 176 F.3d at 789 ("The 'clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed.'") (citation omitted); see also **Juntii**, 993 F.2d 228, *2 (stating that aggregation of defendants "is insufficient either to provide a defendant with fair notice of the claim against him or to protect a defendant from harm to his reputation or good will."). Also, Plaintiff states that the misrepresentation of the market value of the home was intentional and material; however, Plaintiff does not allege in his Complaint what the property's actual market value was at the time of the fraudulent appraisal or plead facts otherwise indicating that the misrepresentation was intentional and material. Finally, Plaintiff does not state when the fraudulent activity took place. Plaintiff alleges that Defendant Advanced Mortgage arranged for the Defendant Orth Appraisals to conduct an appraisal of the Plaintiff's property; however, Plaintiff fails to allege which loan the appraisal was obtained for, the 2005 loan or the 2007 loan. Additionally, Plaintiff fails to allege an approximate date or time period that the appraisal was performed. Accordingly, the Court **GRANTS** Defendant Quicken Loans' motion to

---

[1] Alternatively, at Paragraph 11 of the Complaint, Plaintiff alleges that Defendant Advanced Mortgage arranged for the Defendant Orth Appraisals to conduct an appraisal of the Plaintiff's property. Therefore, if Plaintiff did specifically state which Defendant obtained the fraudulent appraisal, it would be Defendant Advanced Mortgage and not Defendant Quicken Loans as Defendant Advanced Mortgage was the only defendant which Plaintiff identified as obtaining the appraisal.

dismiss Count IV.

### D. Count VII: Joint Venture, Conspiracy, and Agency

Defendant Quicken Loans argues that Plaintiff alleged no facts in support of his claims of an alleged joint venture between Quicken Loans, Advanced Mortgage, and Orth Appraisals other than a conclusory recitation of the legal elements. Plaintiff does not respond to this argument in his response.

West Virginia law defines a joint venture as "'an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge.'" **Armor v. Lantz**, 535 S.E.2d 737, 742 (W. Va. 2000) (quoting Syl. Pt. 2, **Price v. Halstead**, 355 S.E.2d 380 (W. Va. 1987)). The party's contributions "need not be equal or of the same character. There must, however, be some contribution by each party of something promotive of the enterprise." **Armor**, 535 S.E.2d at 743. A joint venture "arises out of a contractual relationship between the parties. The contract may be oral or written, express or implied." **Price**, 355 S.E.2d at 384 (citation omitted). Additionally, "[a]n agreement, express or implied, for the sharing of profits is generally considered essential to the creation of a joint adventure, and it has been held that at common law, in order to constitute a joint adventure, there must be an agreement to share in both the profits and the losses." **Armor**, 535 S.E.2d at 743 (quotation omitted). Courts have also recognized the "necessity of joint venturers having equal control over the common commercial pursuit." *Id.* at 745.

First, Plaintiff does not assert in his Complaint that each Defendant had an

agreement, express or implied, for the sharing of profits.  Second, Plaintiff does not allege that each Defendant shared in the profits or losses.  Third, Plaintiff does not state that Defendants combined their money, skill or knowledge to carry out a business enterprise or committed acts in furtherance of a joint venture.  Finally, Plaintiff has not alleged nor offered evidence of the exercise of a means of joint control as set forth in *Armor*.  Plaintiff simply provides no facts in his Complaint to support this claim against Defendant Quicken Loans.  Additionally, Plaintiff failed to provide any argument addressing Defendant's motion to dismiss this count.  Therefore, the Court **GRANTS** Defendant's motion to dismiss Count VII.

## VI.  Conclusion

For the foregoing reasons, this Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant Quicken Loans' Motion to Dismiss [Doc. 51].  The Court **GRANTS** Defendant's Motion to Dismiss as to Count III, Unauthorized Practice of Law; Count IV, Fraud and Conspiracy; and Count VII, Joint Venture, Conspiracy and Agency.  The Court **DENIES** Defendant's Motion to Dismiss as to Count II, Predatory Lending.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties herein.

**DATED**: June 5, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE